CREDIT REINSURANCE SERVICES, INC., Plaintiff,

v.

TRANSAMERICA OCCIDENTAL LIFE INSURANCE CO., Defendant.

Civ. A. No. 89–100–VAL (WDO).

United States District Court, M.D. Georgia, Valdosta Division.

March 13, 1991.

---

Robert E. Wood, Williford & Wood, Dallas, Tex., for plaintiff.

Gary C. Crapster, Strasburger & Price, Dallas, Tex., and H. Sanders Carter, Jr., Anthiny J. McGinley, Atlanta, Ga., for defendant.

## ORDER

OWENS, Chief Judge.

Before the court is plaintiff Credit Reinsurance Services, Inc.'s ("CRS") motion to transfer venue. After careful consideration of the briefs and memoranda submitted by counsel and the record as a whole the court hereby issues the following order.

A brief procedural history of the various disputes around which this case revolves clarified the court's ruling.

On January 18, 1989, Life of the South Insurance Company ("LSIC"), a Georgia corporation, filed suit against Transamerica Occidental Life Insurance Company ("TOLIC"), a California corporation, alleging that TOLIC had attempted to repudiate a reinsurance agreement between TOLIC and LSIC. TOLIC removed the action to this court and filed a counterclaim against LSIC as well as a third-party complaint against Credit Reinsurance Services, Inc. ("CRS") and CRS President, Mr. Ray Stroud ("Stroud"). TOLIC, relying upon a separate agreement between TOLIC and CRS ("the Indemnification Agreement"), asserted a right to indemnification from CRS for all damages traceable to TOLIC's transac-

tions with LSIC. TOLIC alleged that CRS had breached the Indemnification Agreement.

On May 12, 1989, CRS filed suit in Texas state court, alleging that TOLIC had breached the Indemnification Agreement with CRS by failing to pay certain commissions on *other* reinsurance agreements. TOLIC removed that proceeding to the United States District Court for the Northern District of Texas, Dallas Division. TOLIC filed counterclaims based upon the Indemnification Agreement, then moved the Texas District Court to transfer that case to this court.

The Texas District Court found that CRS's Texas complaint might properly have been brought in Georgia as a counterclaim to TOLIC's third party action; the court also found that in order to avoid duplicity and in the interest of judicial economy the disputes between CRS and TOLIC should all be adjudicated in one forum. On September 6, 1989, TOLIC's motion to transfer was granted because of the interrelationship of the claims between CRS and TOLIC (C.A. 89–100–VAL) and the claims already pending between LSIC and TOLIC (C.A. 89–23–VAL) in this court. Upon the motion of CRS, the two matters were consolidated on January 5, 1990.

On December 3, 1990, upon motion of LSIC made in furtherance of a settlement agreement between LSIC and TOLIC, this court dismissed with prejudice LSIC's complaint and TOLIC's counterclaim against LSIC.

Essentially, all the disputes and potential liabilities in these matters revolve around the Indemnification Agreement between TOLIC and CRS. The only disputes which did not directly depend upon an evaluation of the Indemnification Agreement were those between LSIC and TOLIC. Those disputes were peripheral to the central disputes between TOLIC and CRS. TOLIC's original third-party complaint against CRS sought indemnification, not pursuant to any relationship between LSIC and CRS but pursuant to the separately executed Indemnification Agreement between CRS and TOLIC, a Texas corporation and a California corporation, respectively.

CRS concedes that where two lawsuits include identical issues, the prevention of duplicity may justify denying a plaintiff's choice of forum. However, CRS argues, any concerns with regard to duplicity are no longer a valid basis for restricting CRS's right to choose an otherwise available and proper forum.

The Texas court's original order granting the motion for transfer emphasized the policies of preventing waste of time, energy, and money and protecting litigants, witnesses, and the public against unnecessary inconvenience and expense. This court must, for the purposes of CRS's motion, upon the facts as they presently stand, take those very same factors into consideration. What this court sees is a dispute between two corporations, from California and Texas respectively, which at the time of the Texas court's order touched and concerned the rights at stake in an action already properly pending in Georgia between a Georgia corporation and the California corporation. Consolidation of all those claims into one proceeding in Georgia was properly effected.

The court notes TOLIC's arguments that some Georgia resident witnesses whose testimony was important to the LSIC/TOLIC dispute will have equally relevant testimony to offer in the remaining dispute. The court is also aware of TOLIC's contentions that a portion of the disputes between TOLIC and CRS relate to the reinsurance contracts between LSIC and TOLIC. However, the court also notes that CRS's original suit, filed in Texas, alleges that TOLIC had breached the Indemnification Agreement due to TOLIC's failure to pay commissions on certain *other* reinsurance agreements. While the court agrees with the Texas court's holding favoring resolution of the disputes between TOLIC and CRS in one forum, the court is simply unconvinced that the remaining disputes logically belong in Georgia.

The policies which supported the consolidation of these claims in Georgia either no longer merit continued proceedings in Georgia or now call for the remaining disputes to be moved to a forum more suited to their resolution. CRS points out that

while Georgia was a logical forum for consolidation of the two cases, it is hardly the obvious forum in which the surviving disputes should be resolved.[1] Aside from the arguable inconvenience to *some* of the witnesses which might be necessary to resolution of the remaining disputes, the court finds that all the relevant policy concerns—convenience, limitation of expense, plaintiff's choice of forum, etc.—support CRS's motion.

Accordingly, the motion to transfer is hereby GRANTED and this action is transferred to the Northern District of Texas, Dallas Division. The clerk of court shall effect the transfer in accordance with the usual procedure.

SO ORDERED.

1. CRS makes a compelling argument that were either party beginning a "fresh" lawsuit, it would hardly be logical or convenient for either party for the case to be heard in Georgia.